UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                    Case No.: 1-05-33267-dem

HELEN ANN APONTE,                                         Chapter 7

                        Debtor.
--------------------------------------------------------x

## DECISION AND ORDER ON APPLICATION FOR PAYMENT OF COMPENSATION AND EXPENSES TO PROPOSED SPECIAL COUNSEL

Appearances:

David J. Doyaga, Esq.
Doyaga & Schaefer
Attorneys for Chapter 7 Trustee
26 Court Street, Suite 2211
Brooklyn, New York 11241

Steven D. Davis, Esq.
SimmonsCooper LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, Illinois 62024
Proposed Special Counsel

Diana G. Adams, Esq
United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
By:    William E. Curtin, Esq.
       Trial Attorney

                    DENNIS E. MILTON
                United States Bankruptcy Judge

## INTRODUCTION

        The matter is before the Court on the application of David J. Doyaga, the Chapter

7 Trustee (the "Trustee")  for an Order regarding the Trustee's Final Report, granting

applications for compensation of the Trustee and Trustee's counsel, Doyaga & Schaefer, and

fixing the compensation of Proposed Special Counsel, SimmonsCooper LLC.  After several

adjournments, on January 7, 2010, the Court conducted a final hearing on the application and

took the matter under advisement.   On January 12, 2010, the Court entered an Order which

resolved those portions of the application regarding the Trustee, and reserved decision on that

portion of the application which related to Proposed Special Counsel.[1]

    Proposed Special Counsel failed to obtain an Order of Retention.  For the reasons

set forth below, the Court finds that Proposed Special Counsel is not entitled to compensation for

any services performed on this basis alone.  In the alternative, the Court finds that Proposed

Special Counsel's actions violated the Bankruptcy Code, added administrative expenses to the

debtor's estate and did not provide a benefit to the estate, and the Court denies Proposed Special

Counsel's application for compensation in all respects.

**JURISDICTION**

    This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b)

and 157(b)(2)(c) and the Eastern District of New York standing order of reference dated August

28, 1986.  This Decision and Order constitutes the Court's findings of fact and conclusions of

law to the extent required by Fed. R. Bankr. P. 7052.

**FACTUAL BACKGROUND**

    On October 15, 2005, the debtor filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code.   In October 2005, David J. Doyaga, Esq. was appointed the

Chapter 7 case trustee.  After the Trustee learned the debtor had commenced a personal injury

---

[1] On January 12, 2010, the Court entered an Order upon the Trustee's Final Report in which the Court
awarded the Trustee $1,900.39 in commissions and $121.05 as reimbursement for expenses and counsel for the
Trustee $3,008.00 in fees and $40.12 as reimbursement for expenses.

2

action, he informed Steven Davis, Esq., of the law firm SimmonsCooper LLC ("Proposed Special Counsel") of its obligations under the Bankruptcy Code to consult with the Trustee, file an application for retention and to seek bankruptcy court approval for any settlement.

Proposed Special Counsel did not follow any of these instructions. Proposed Special Counsel failed to file an application for retention as special counsel to the Trustee. The Court has not approved the retention of Proposed Special Counsel as special counsel to the Trustee. Notwithstanding this omission, Proposed Special Counsel entered into a settlement on the debtor's behalf, without consulting the Trustee or seeking prior bankruptcy court approval. Proposed Special Counsel failed to turn over to the Trustee the proceeds of the settlement, even though those proceeds were without question property of the debtor's estate.

On January 19, 2009, the Trustee filed an application for an Order compelling Proposed Special Counsel to provide an accounting of the settlement and to turn over the proceeds. Approximately one month later, on February 18, 2009, the Court entered an Order directing Proposed Special Counsel to turn over the $11,500.00 in settlement proceeds; provide an accounting to the Trustee; and to file a fee application. On March 16, 2009, Proposed Special Counsel filed a fee application in which it sought $3,593.61 in fees and reimbursement of expenses in the amount of $719.18. After several adjournments, on January 7, 2010, the Court conducted a final hearing on the application and took the matter under advisement.

## DISCUSSION

### Award of Reasonable Attorneys' Fees and Reimbursement of Expenses

The issue before the Court is whether the request for attorneys fees and costs which Proposed Special Counsel have submitted is reasonable under the circumstances.

3

A.  The Standard

The Court will review the propriety of fees and expenses under the

reasonableness guidelines of Section 330(a) of the Bankruptcy Code.[2]   Section 330 (a)(3)

provides:

> In determining the amount of reasonable compensation to be
> awarded to an examiner, trustee under chapter 11, or professional
> person, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of,
> or beneficial at the time at which the service was rendered toward
> the completion of, a case under this title;
> (D) whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue or task addressed;
> (E) with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases
> other than cases under this title.

11 U.S. C. § 330.  Rule 2016(a) of the Federal Rules of Bankruptcy Procedure implements the

standards set forth in Section 330 of the Code and requires that the application contain "a

detailed statement of (1) the services rendered, the time expended and expenses incurred, and (2)

the amounts requested." Fed.R.Bankr.P. 2016(a).  The rule applies to professionals who are

---

[2] The Court notes that even in non-bankruptcy cases, an applicant requesting an award of fees has the
burden to prove the reasonableness of such fees and that vague and otherwise insufficient descriptions of services
often result in a denial or reduction in the amount of fees sought.  See Hensley v. Eckerhart, 461 U.S. 424, 433, 103
S.Ct.  1933, 1939, 76 L.Ed.2d 40 (1983); Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999); LeBlanc-
Sternberg v. Fletcher, 143 F.3d 748,763-64 (2d Cir.1998); New York State Ass'n for Retarted Children v. Carey,
711 F.2d 1136, 1147 (2d Cir.1983).

retained pursuant to pre-approved contingency fee arrangements.  In re Lenworth Westbrooks, 202 B.R. 520, 522 (Bankr. N.D.Alaska 1996).  To satisfy this burden, a claimant must justify its charges with detailed, specific, itemized documentation.  In re Dimas, LLC, 357 B.R. 563, 576 (Bankr. N.D.Cal. 2006); In re Bennett Funding Group Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997); In re Poseiden Pools of America, Inc., 180 B.R.718, 729 (Bankr. E.D.N.Y. 1995), affirmed 216 BR. 98, 100 (E.D.N.Y. 1997).   Billing records must clearly identify each discrete task billed, indicate the date the task was performed, the precise amount of time spent (not to be billed in increments greater than one-tenth of an hour), who performed the task, their level of experience and that person's hourly rate.  In re Fibermark, Inc., 349 B.R. 385, 395 (Bankr. D.Vt. 2006).   The records must be detailed enough to enable a Court to determine whether the attorneys are claiming compensation for hours that are "redundant, excessive, or otherwise unnecessary."  Hensley, 461 U.S. at 434.  See also  In re Recycling Industries, Inc., 243 B.R. 396, 401 (Bankr. D.Colo. 2000); In re Poseidon Pools of America, 180 BR. at 729.

        Special Counsel which has not been retained is not entitled to compensation for services performed.  See In re Moon, 385 B.R. 541, 549-550 (Bankr. S.D.N.Y. 2008)( "An attorney whose retention has not been approved by the bankruptcy court prior to the time that the attorney renders service is not within the class of persons that is eligible for compensation from the estate"); In re Fibermark, Inc., 349 B.R. 385, 394 n.3 (Bankr. Vt. 2006)(a professional who renders service prior to the retention date established by the court may not be compensated from the estate under 11 U.S.C. § 330).

        The Court may also deny compensation where Special Counsel's actions violate the Bankruptcy Code, add administrative expenses to the estate and did not provide a benefit to

the estate.  A court may deny compensation for services that conferred no benefit on an estate.

In re Keene Corp., 205 B.R.,690, 696 (Bankr. S.D.N.Y. 1997).  The test is an objective one, and

courts examine "what services a reasonable lawyer or legal firm would have performed in the

same circumstances."  In re Ames Dep't Stores, Inc, 76 F.3d 66, 72 (2d Cir 1996).

     In addition to denial of compensation, the Court may award less than the amount

requested without regard to the quality of services rendered under certain circumstances.  It is

well settled in this Circuit that an attorney may not bill for his or her full billing rate for travel

time to court.  McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91,

98-99 (2d Cir. 2006); Cioffi v. New York Community Bank, 465 F. Supp.2d 202, 219 (E.D.N.Y.

2006).

     The Bankruptcy Court has the duty to examine the reasonableness of the fees

requested by retained professionals independently, notwithstanding the absence of objection by

the trustee, debtor or creditor.  See In re Auto Parts Club, Inc., 211 B.R. 29, 33 (B.A.P. 9th Cir.

1997)(citing In re Busy Beaver Bldg. Ctr., Inc., 19 F.3d 833, 841 (3d Cir. 1994).

     B.   Application of the Standard

     Although the billing records here generally reflect that the services rendered were

clearly identified and performed within a reasonable amount of time commensurate with the

complexity of the issues presented, the failure of Proposed Special Counsel to file an application

for retention violated the Bankruptcy Code and resulted in the addition of administrative

expenses to the debtor's estate.  The Court finds that Proposed Special Counsel is not entitled to

compensation.

1.      The Failure to Obtain An Order of Retention

The United States Trustee objected to the Proposed Special Counsel's fee application because it had failed to file a formal retention application to be retained by the Court. See In re Moon, 385 B.R. 541, 549-550 (Bankr. S.D.N.Y. 2008)("An attorney whose retention has not been approved by the bankruptcy court prior to the time that the attorney renders service is not within the class of persons that is eligible for compensation from the estate");  In re Fibermark, Inc., 349 B.R. 385, 394 n.3 (Bankr. Vt. 2006)(a professional who renders service prior to the retention date established by the court may not be compensated from the estate under 11 U.S.C. § 330).   The Court sustains this objection.

2.      Reduction for Services Which Did Not Benefit the Estate

The United States Trustee also objected to an award of compensation for work performed  without any explanation of the benefit  to the estate.  Although Proposed Special Counsel argued that his law firm should be compensated because the entire assets of the debtor's estate came into the estate through the efforts of the firm, the United States Trustee argued that its failure to act violated the Bankruptcy Code and added administrative expenses to the debtor's estate. Here, the Trustee was forced to bring a Motion to Compel in order to get Proposed Special Counsel to turn over the proceeds of the settlement, which was property of the debtor's estate.  The Proposed Special Counsel had settled the debtor's personal injury action without consulting with the Trustee or obtaining Court approval.  The Court sustains this Objection and on this alternative ground denies the application of Proposed Special Counsel for compensation.

3.      Miscellaneous Review Items – Block Billing, Amount of Travel Time

7

In light of its determination not to award any compensation to Proposed Special Counsel for the reasons set forth above, the Court has not reviewed the billings further for any deficiencies with regard to items such as improper block billing and excessive fee charges for travel time.

## CONCLUSION

Proposed Special Counsel failed to obtain an Order of Retention.  For the reasons set forth above, the Court finds that Proposed Special Counsel is not entitled to compensation for any services performed on this basis alone.  In the alternative, the Court finds that Proposed Special Counsel's actions violated the Bankruptcy Code, added administrative expenses to the debtor's estate and did not provide a benefit to the estate, and the Court denies Proposed Special Counsel's application for compensation in all respects.

IT IS SO ORDERED.

Dated: Brooklyn, New York
     January 25, 2010

s/ Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

To:    David J. Doyaga, Esq.
       Doyaga & Schaefer
       Attorneys for Chapter 7 Trustee
       26 Court Street, Suite 2211
       Brooklyn, New York 11241

       Steven D. Davis, Esq.
       SimmonsCooper LLC
       707 Berkshire Blvd.
       P.O. Box 521
       East Alton, Illinois 62024
       Proposed Special Counsel

Diana G. Adams, Esq
United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201
By:    William E. Curtin, Esq.
       Trial Attorney